**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**DOMINIQUE PORTER,**

                                **Plaintiff,**                    14-CV-511A(Sr)

v.

**STATE FARM FIRE & CASUALTY COMPANY,**

                                **Defendant.**

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #23.

Currently before the Court is defendant's motion for partial summary judgment dismissing: (1) plaintiff's claim to replacement cost coverage on the property damage loss because plaintiff never repaired or replaced the premises after it was damaged by fire; (2) plaintiff's claim for loss of rental income because plaintiff never received any rental income; (3) plaintiff's claim for debris removal costs because plaintiff has not incurred any such expense; (4) plaintiff's claim for damage to personal property because plaintiff had no personal property on the premises at the time of the fire.  Dkt. #36.

For the following reasons, it is recommended that defendants' motion be granted in part and denied in part.

**FACTUAL BACKGROUND**

In October of 2011, Tristan Spencer used Dominique Porter's auction identification number to bid upon a foreclosed property at 254 Strauss Street in the City of Buffalo. Dkt. #36-5, p.13 & 16. As a result, the deed to the property lists Ms. Porter as the owner. Dkt. #36-6.

State Farm Fire & Casualty Company ("State Farm"), issued Ms. Porter a rental dwelling policy of insurance for a residential single-family house on 254 Strauss Street, Buffalo, New York on August 26, 2013. Dkt. #36-3, ¶ 3.

The property was damaged by fire on September 30, 2013 and demolished by the City of Buffalo. Dkt. #36-3, ¶¶ 40 & 41.

Ms. Porter testified at her examination under oath on December 16, 2013 that the insurance proceeds belonged to Mr. Spencer and that she did not want any proceeds paid out to her. Dkt. #36-5, pp.33-34 & 38-39. Ms. Porter explained: "I didn't put any money in to the property, I shouldn't get anything from it." Dkt. #36-5, p.45.

By letter dated June 13, 2014, State Farm disclaimed coverage on the grounds that: (1) Ms. Porter did not have an insurable interest in the property; (2) Ms. Porter and Mr. Spencer, acting as Ms. Porter's agent, intentionally misrepresented facts in the insurance application; (3) Ms. Porter and Mr. Spencer failed to provide documents and records as requested by State Farm; and (4) there is considerable evidence that the loss was not accidental. Dkt. #38-3.

By Decision and Order entered July 24, 2015, the Hon. Richard J. Arcara adopted this Court's Report, Recommendation and Order denying defendant's motion for summary judgment, finding that Ms. Porter's ownership of the property was sufficient to establish an insurable interest in the property and that there was a question of fact as to whether plaintiff's insurance application contained a material misrepresentation which would void the insurance contract.  Dkt. #24.

By letter dated January 24, 2016, State Farm expressed its intention to appeal the Decision and Order denying defendant's motion for summary judgment on the question of plaintiff's insurable interest in the property and withdrew its other affirmative defenses except those relating to the amount and coverage of damages. Dkt. #38-4.

In response to an interrogatory request, Ms. Porter admits that no repairs or replacement of the dwelling have been made. Dkt. #36-2, pp.48-49.  At her deposition on January 28, 2016, plaintiff testified that she had no intention to purchase another property or rebuild the property at 254 Strauss.  Dkt. #36-11, p.25.  She testified that any payment from the insurance policy would go straight to Mr. Spencer "[b]ecause it's his property."  Dkt. #36-11, p.29.

A Demolition Invoice from the City of Buffalo, dated May 1, 2016, charges Dominique Porter $16,099.00 in demolition charges and administrative surcharges for the demolition at 254 Strauss.  Dkt. #38-2.

An appraisal to determine the plaintiff's loss, as provided in the insurance contract, set the replacement cost value loss for building damage at $190,215.00 and the actual cash value loss for building damage at $95,000.  Dkt. #42-1.

## DISCUSSION AND ANALYSIS

**Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  A fact is "material" only if it has some effect on the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998).  A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see Bryant v. Maffucci*, 923 F.2d 979 (2d Cir.), *cert. denied*, 502 U.S. 849 (1991). The district court must view the evidence in the light most favorable to the non-moving party, and must draw all reasonable inferences in that party's favor.  *Salamon v. Our Lady of Victory Hosp.*, 514 F.3d 217, 226 (2d Cir. 2008).

Once the moving party has met its burden of "demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a 'metaphysical doubt' concerning the facts, or on the basis of

conjecture or surmise." *Bryant*, 923 F.2d at 982 (internal citations omitted).  A party seeking to defeat a motion for summary judgment

> must do more than make broad factual allegations and invoke the appropriate statute.  The [party] must also show, by affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, that there are specific factual issues that can only be resolved at trial.

*Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

**Replacement Cost Coverage**

State Farm argues that summary judgment should be granted with respect to replacement cost coverage because plaintiff has indicated that she has not and will never repair or replace the premises.  Dkt. #36-13, p.11.

Plaintiff does not dispute that she has not yet repaired or replaced the premises.  Dkt. #38-8, p.3.  However, plaintiff argues that she has not been able to do so because her insured denied her claim, thereby depriving her of funds to commence repair or replacement of the premises.  Dkt. #38-8, p.3.  In support of her argument, plaintiff cites *Zaitchick v. American Motorists Insurance Company*, 554 F. Supp. 209 (S.D.N.Y. 1982), *aff'd*, 742 F.2d 1441 (2d Cir.), *cert. denied*, 464 U.S. 851 (1983). Plaintiff notes that every case cited by State Farm involved an insured who was paid the actual cash value of the loss leaving depreciation and replacement cost value in dispute.  Dkt. #38-8, p.3.

State Farm replies that *Zaitchick* is distinguishable because it involved the destruction of the insured's residence, while this was a rental property.  Dkt. #41, p.4.

In any event, State Farm argues that *Zaitchick* is anomalous and that the facts of this case do not warrant reformation of the insurance contract as a matter of equity. Dkt. #41, p.7. More importantly, State Farm notes that plaintiff has clearly stated that she has no intention of repairing or replacing the property and has failed to submit any evidence in opposition to the motion for summary judgment suggesting otherwise. Dkt. #41, p.5.

It is settled law in New York that replacement cost coverage inherently requires a replacement (a substitute structure for the insured) and costs (expenses incurred by the insured in obtaining the replacement). *Alloush v. Nationwide Mut. Fire Ins. Co.*, No. 05-CV-1173, 2008 WL 544698, at *3 (N.D.N.Y. Feb. 26, 2008); See *Harrington v. Amica Mut. Ins. Co.*, 223 A.D.2d 222, 223 (4th Dep't 1996) ("replacement cost provisions of a homeowner's insurance policy require an insured to rebuild his home before he can recover on a claim for that cost."), *lv. denied*, 89 N.Y.2d 808 (1997). As plaintiff notes, however, in these cases the insurance company had paid plaintiff the actual cash value of the damaged building. In the instant case, in contrast, State Farm has withheld any payment on plaintiff's claim. When presented with this situation in *Zaitchick*, the district court determined that the insurance company's refusal to pay any monies under the insurance contract "made it impossible for plaintiffs to fulfill the condition precedent," thereby excusing plaintiff from performance of the replacement condition. 554 F. Supp. at 217; See *Woodworth v. Erie Ins. Co.*, 743 F. Supp.2d 201, 218 n.14 (W.D.N.Y. 2010) ("it is the law in New York that a complete failure to pay actual cash value, which prevents the insured from rebuilding or replacing,

may excuse the insured from performing the condition precedent of rebuilding or replacing."), *reconsidered in part*, 2011 WL 98494 (W.D.N.Y. Jan. 12, 2011).

The determinative distinguishing factor from *Zaitchick* is that, in the instant case, plaintiff clearly stated at her deposition that she has no intention of using the insurance proceeds to replace the demolished property (Dkt. #36-11, p.25), and admits in her responding papers to this motion that the "premises was never repaired or replaced after the fire of September 30, 2013 and plaintiff has no intention of ever doing so in the future." Dkt. #36-12, ¶ 27 & Dkt. #38-7, ¶ 27.  Absent any question of fact as to plaintiff's intent to replace the property, as required to claim replacement cost coverage, it is recommended that this aspect of defendant's motion for summary judgment be granted.

**Debris Removal Coverage**

State Farm argues that plaintiff has produced no records or documents demonstrating that she has spent any money for debris removal following the fire and her sworn statement in proof of loss does not claim any such expense. Dkt. #36-13, pp.11-12.

Plaintiff responds that a recently received demolition invoice establishes that plaintiff has incurred costs associated with the removal of covered property. Dkt. #38-8, pp.7-8.

State Farm replies that the demolition invoice is insufficient, absent an affidavit from plaintiff or another source with personal knowledge that the invoice is for costs incurred because of the fire or that the costs were incurred by plaintiff. Dkt. #41, pp.8-9.

The demolition invoice addressed to plaintiff from the City of Buffalo regarding the demolition at 254 Strauss is sufficient to raise a question of fact as to whether plaintiff has incurred expenses for debris removal. Accordingly, it is recommended that this aspect of plaintiff's motion for summary judgment be denied.

**Rental Income & Personal Property Coverage**

In as much as plaintiff affirmatively states that she only disputes defendant's motion to dismiss her claims to replacement cost coverage and the cost of demolition (Dkt. #38-8, p.2), and plaintiff's interrogatory responses denied any damages with respect to rental income and loss of personal property (Dkt. #36-2, p.49 & Dkt. #36-11, p.30), it is recommended that defendant's motion for summary judgment with respect to plaintiff's claims for rental income and personal property coverage be granted.

## CONCLUSION

For the foregoing reasons, it is recommended that defendant's motion for summary judgment with respect to plaintiff's claims for replacement cost, rental income and personal property coverage be granted and that defendant's motion for summary judgment with respect to plaintiff's claim for debris cost removal coverage be denied.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the

provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**May 24, 2017**

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**