UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOMINIQUE MARIE PORTER,

                Plaintiff,      **DECISION AND ORDER**
                                     **No. 1:14-cv-00511**
  -vs-

STATE FARM FIRE
& CASUALTY COMPANY,

                Defendant.
_____

I. **Introduction**

This matter comes before the Court following United States Magistrate Judge H. Kenneth Schroeder, Jr.'s filing of a Report and Recommendation (Docket No. 45)[1] on May 24, 2017. *See* 28 U.S.C. § 636(b)(1)(B); Western District of New York Local Rule 72(b), (c). In his Report and Recommendation ("R&R"), Judge Schroeder recommended that the Court grant in part and deny in part Defendant's motion for partial summary judgment (Docket No. 36). Judge Schroeder recommended that the Court grant Defendant's motion for partial summary judgment on Plaintiff's claims for replacement cost, rental income, and personal property coverage, and that the Court deny Defendant's motion for partial summary judgment as to Plaintiff's claim for debris cost removal. *See* Docket No. 45 at 8.

Both parties filed objections to the R&R (Docket Nos. 56, 57) and Defendant filed a response to Plaintiff's objection (Docket No. 59). Plaintiff objects to the R&R to the extent it recommends that

_____
[1]This case was transferred to the Honorable Michael A. Telesca on June 4, 2019. Docket No. 63.

the Court grant Defendant's motion for partial summary judgment on Plaintiff's claim for replacement cost coverage (*see* Docket No. 57 at 1), and Defendant objects to the portion of the R&R recommending that the Court deny summary judgment on Plaintiff's claim for debris removal coverage (Docket No. 56 at 1).

For the reasons discussed below, the Court adopts the portions of the R&R recommending that the Court grant Defendant's motion for partial summary judgment on Plaintiff's claims for replacement cost, rental income, and personal property coverage. However, the Court reverses the R&R to the extent it denies Defendant's motion for partial summary judgment on Plaintiff's claim for debris cost removal.

## II. Discussion

### A. Standard

When reviewing a magistrate judge's report and recommendation, a district court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made[,]" 28 U.S.C. § 636(b), and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,]" *id.* Where no "specific written objection" is made to portions of the magistrate judge's report, the district court may adopt those portions, "as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Eisenberg v. New England*

*Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (citing FED. R. CIV. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); other citation omitted). The district court is not required to review any portion of a magistrate judge's report that is not the subject of an objection. *Eisenberg*, 564 F. Supp. 2d at 227 (citing *Thomas*, 474 U.S. at 149).

**B.** **<u>Factual Background</u>**

This action stems from Plaintiff's purchase of the property located at 254 Strauss Street (the "subject property") in Buffalo, New York, in October 2011. Docket No. 36-6. The subject property was deeded to Plaintiff on December 30, 2011 as the result of a foreclosure sale. (Docket No. 36-6.) The State Farm insurance policy on the subject property which lists Plaintiff as the insured is dated August 26, 2013 (Docket No. 36-4). On September 30, 2013, (approximately one month later) the subject property was completely destroyed in a fire. Docket Nos. 36-4, 36-5 at 40-41.

Although the subject property was deeded to Plaintiff as the successful bidder at a foreclosure sale, she testified on December 16, 2013, that she actually purchased the property as an accommodation for an individual named Tristan Spencer, who she identified as her sister Tina's boyfriend. Specifically, Plaintiff explained that she, along with Tina and Mr. Spencer, attended an auction in Buffalo, New York, with the intention of bidding on properties. While Tina and Mr. Spencer were scouting the available properties, Plaintiff placed bids on the properties for them.

Plaintiff paid the required $500 deposit on the property, but testified that Tina and Mr. Spencer "reimbursed me every dollar. And then they paid the remainder balance." Docket No. 36-5 at 9, 11-13.

Although the Strauss Street property was placed in Plaintiff's name, she did not manage or have any interest in the subject property. Rather, Mr. Spencer managed, maintained, and leased the subject property, made renovations, paid property taxes on the subject property. *Id*. at 16, 20-23, 36. Since Plaintiff's name was listed as owner, she was required to attend court at eviction proceedings, but Mr. Spencer "handled everything," pertaining to the eviction. *Id*. at 25-26. Plaintiff further testified that she had no authority to sell the property, and did not receive any economic benefit from the property. *Id*. at 37.

With regard to the insurance policy on the subject property, Plaintiff testified that she was not involved in obtaining the policy; rather, Mr. Spencer obtained the policy providing Plaintiff's information as the owner and he paid the premiums on the policy. Plaintiff knew nothing about the basic coverage of the policy insuring the property and only learned of the policy limits when she "started receiving letters after the property was burned down." *Id*. at 45-47. As to her receiving any economic benefit from the subject property, Plaintiff explained to the insurance agency salesman, "I told Mike from State Farm I just - they say

sign here, I just sign. I don't even read. I don't even know what I be signing, I just sign." *Id*. at 37.

At a second deposition on January 28, 2016, Plaintiff testified that any money she would receive from State Farm "will go straight to [Mr. Spencer] . . . [b]ecause it's his property." Docket No. 36-11 at 29. Plaintiff further testified that, although what remained of the subject property was demolished after the fire, she was not aware who paid for the demolition costs. *Id*. at 16-17.

    **C.**    <u>**Plaintiff's Claims for Rental Income and Personal Property Coverage**</u>

As noted above, the parties do not object to the portion of the R&R recommending that the Court grant summary judgment in favor of Defendant on Plaintiff's claims for rental income and personal property coverage. The Court has reviewed Judge Schroeder's well-reasoned R&R as it pertains to these claims (*see* Docket No. 45 at 8), and accepts his recommendation the Court grants Defendant's motion in these respects.

    **D.**    <u>**Plaintiff's Claim for Replacement Cost Coverage**</u>

Judge Schroeder recommended that the Court grant summary judgment in favor of Defendant on Plaintiff's claim for replacement cost coverage. *See* Docket No. 45 at 5. Judge Schroeder based his recommendation on Plaintiff's testimony that she has no intention of repairing or replacing the property. *Id*. at 6-7 ("Absent any question of fact as to plaintiff's intent to replace the property, as required to claim replacement cost coverage, it is recommended

that this aspect of defendant's motion for summary judgment be granted."); *see also* Docket No. 36-5 at 33, 37-38, 47-48 (at her examination under oath on September 30, 2013, Plaintiff testified that she had no interest in the subject property, did not put any money into the property, and did not expect to receive any money from the subject property following a loss); Docket No. 36-11 at 15, 25. At her deposition on January 28, 2016, Plaintiff testified that she had no intention to replace or rebuild the subject property.

In her objection, Plaintiff contends, as she did in her motion papers, that *Zaitchick v. American Motorists Ins. Co.*, 554 F. Supp. 209 (S.D.N.Y. 1982), is instructive in this instance. *See* Docket No. 56 at 2. Defendant responds that Plaintiff's objections fail to set forth any evidence that she lacks the financial ability to repair, rebuild, or replace the premises, and that the *Zaitchick* case, as explained by Judge Schroeder, is distinguishable. Docket No. 59 at 2-3.

In *Zaitchick*, the Court found that the actual repair or replacement of the damaged property, which was a condition precedent to the insured's recovery of any replacement cost, was not required, where it was financially impossible for the insured to replace the damaged property without any payment from the insurance company. *Zaitchick*, 554 F. Supp. at 216-17 ("In the instant case, plaintiffs were refused any monies under the insurance contract. Not surprisingly, they were unable to replace

their home. This conduct by defendant made it impossible for plaintiffs to fulfill the condition precedent, and therefore, excuses plaintiffs from performance of the replacement condition.").

The Court agrees with Judge Schroeder's analysis that the *Zaitchick* case is distinguishable, particularly since Plaintiff has repeatedly disclaimed any interest in the subject property and testified unequivocally that she had no plans to replace the property. Accordingly, the "equitable considerations" the Court considered in *Zaitchick* are not present in this instance. The Court therefore adopts Judge Schroeder's recommendation that the Court grant summary judgment to Defendant on Plaintiff's claim for replacement cost coverage.

**E.** **Plaintiff's Claim for Debris Removal Coverage**

Judge Schroeder recommended that the Court deny Defendant's motion for partial summary judgment on Plaintiff's claim for debris removal coverage. *See* Docket No. 45 at 7-8. Specifically, Judge Schroeder relied upon a Demolition Invoice addressed to Plaintiff from the City of Buffalo, which he concluded was "sufficient to raise a question of fact as to whether plaintiff has incurred expenses for debris removal." *Id*. at 8.

Defendant objects to this portion of the R&R on the grounds that (1) the Demolition Invoice makes no specific reference to debris removal charges, costs, or expenses, as defined in the insurance policy, and (2) the Demolition Invoice is not admissible,

as it is submitted through an attorney affirmation with no explanation, rather than through an affidavit submitted by Plaintiff, an individual with personal knowledge. Docket No. 56 at 2-3. Plaintiff did not submit a response to Defendant's objection.

The "Demolition Invoice" is submitted through Plaintiff's attorney's affirmation. *See* Docket No. 38-2. The invoice is dated May 1, 2016, and is addressed to Plaintiff, from the City of Buffalo. *Id*. The total bill, which the invoice indicates is due by May 15, 2016, is for $16,099. *Id*. Under a heading entitled "Itemized Demolition Charges," two items are listed, including "admin surcharge demo," and "demolition charges CPF." Those two items are listed with a date of May 24, 2016, which, somewhat confusingly, is twenty-four days after the date of the Demolition Invoice itself. *Id*. Because the Demolition Invoice is submitted through Plaintiff's attorney, there is no explanation regarding the meaning of the invoice, including the above-mentioned discrepancy in dates. Rather, the only explanation provided by Plaintiff's attorney regarding the Demolition Invoice is a statement that "[a]nnexed hereto as Exhibit '2' is a copy of the demolition invoice from the City of Buffalo dated May 1, 2016 in the sum of $16,099.00." Docket No. 38 at 1.

"While the party seeking summary judgment always bears the burden of demonstrating 'the absence of a genuine issue of material fact,' that party may do so by pointing out that the non-moving party has failed 'to make a showing sufficient to establish the

existence of an element essential to that party's case.'" *Ecommission Solutions, LLC v. CTS Holdings Inc.*, No. 18-1672-cv, 2019 WL 2261457, at *1 (2d Cir. May 28, 2019) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

The only evidence submitted by Plaintiff in support of her claim for debris removal coverage is the above-mentioned Demolition Invoice. It is not clear from the face of the invoice whether these services have already occurred or are scheduled to occur in the future. This is so because the date listed for the services covered by the invoice is subsequent to the date of the invoice. The invoice also fails to explain the nature of the specific services performed, and whether those services are contemplated by the insurance policy.

Further, the demolition invoice is submitted to the Court through an affirmation from Plaintiff's attorney, rather than by an affidavit from Plaintiff or another person with actual knowledge of whether the services listed in the Demolition Invoice are covered under Defendant's policy. Indeed, Plaintiff's attorney would not be permitted to testify at trial regarding the timing and nature of the services outlined in the Demolition Invoice. *See Bais Yaakov of Spring Valley v. Educ. Testing Serv.*, 367 F. Supp. 3d 93, 107 (S.D.N.Y. 2019) ("a district court should consider only evidence that would be admissible at trial. . . . [W]here a party relies on affidavits . . . to establish facts, the statements must be made on personal knowledge, set out facts that would be admissible in

evidence, and show that the affiant . . . is competent to testify on the matters stated.") (internal quotations and citations omitted); *see also Zoll v. Northwell Health, Inc.,* No. 16-CV-2063(JMA)(AYS), 2019 WL 2295679, at *4 (E.D.N.Y. May 30, 2019) ("The nonmoving party . . . must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Mere conclusory allegations, speculation, or conjecture will not avail a party resisting summary judgment.") (internal quotations and citations omitted); *ABKCO Music, Inc. v. Sagan*, No. 15 Civ. 4025(ER), 2018 WL 1746564, at *8 (S.D.N.Y. Apr. 9, 2018) (a non-moving party must come forward with *admissible evidence* sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment) (emphasis added).

Specifically, the Court lacks any explanation from Plaintiff as to why she now believes she is entitled to insurance proceeds under the policy for demolition removal, when she previously testified repeatedly that she was not seeking or entitled to any recovery under the policy. At her deposition on January 28, 2016 - only months before the date of the Demolition Invoice - Plaintiff testified that she had no plans to replace the subject property and did not plan to use any funds paid by State Farm in connection with the property. Docket No. 36-11 at 15, 29.

In fact, Plaintiff clearly and unequivocally claimed no interest in the proceeds of the insurance policy as a result of the fire damage to the subject property by stating that the insurance

proceeds belong to Mr. Spencer, and that she did not want any proceeds paid out to her. Docket No. 36-5 at 33-34, 38-39. Plaintiff was emphatic that she wanted no financial benefit from the policy, even though she is the named insured, by stating, "I didn't put any money in to the property, [and] I shouldn't get anything from it." *Id*. at 48.

It is also undisputed that Mr. Spencer used Plaintiff's auction identification number to bid on the subject property. Although the deed to the subject property lists Plaintiff as the owner (Docket Nos. 36-5 at 13-16, 36-6), she clearly explained that Mr. Spencer managed and received any benefit from the property in all respects. She was at best an accommodating owner benefitting Mr. Spencer for reasons best known to them. In short, the Demolition Invoice does not create a genuine issue of material fact as to Plaintiff's claim for debris removal coverage. Plaintiff made it very clear in her sworn testimony that "I didn't put any money into the property, [and] I shouldn't get anything from it." Docket No. 36-5 at 48. She further testified that any payment from the insurance policy would go straight to Mr. Spencer "[b]ecause it's his property." Docket No. 36-11 at 29. Accordingly, the demolition costs should be the responsibility of the property owner, which Plaintiff has testified unequivocally is Mr. Spencer. Thus, the responsibility, if any, for the payment of demolition costs is left to be resolved between Plaintiff and Mr. Spencer. Accordingly, the Court declines to adopt Judge Schroeder's

recommendation that the Court deny Defendant's motion for partial summary judgment on Plaintiff's claim for debris removal coverage.

Based on the above-mentioned information, the Court concludes that Plaintiff's complaint must be dismissed in its entirety. The debt created by the loss of the subject property is not remedied through the insurance policy, based on the understanding as to actual ownership which existed between Plaintiff and Mr. Spencer. Therefore, it is undisputed that Plaintiff is unable to recover under the insurance policy. Her complaint, which alleges that she is entitled to reimbursement under that policy, is inconsistent with her testimony and is hereby dismissed. *See Wierzbic v. Cnty. of Erie*, No. 13-CV-978S, 2018 WL 550521, at *4 (W.D.N.Y. Jan. 25, 2018); *Brandon v. Bd. of Educ. Of Guilderland Cent. Sch. Dist.*, 487 F. Supp. 1219, 1233 (N.D.N.Y. 1980) (the court may search the record on a motion for summary judgment, and grant relief as it deems proper).

### III. **Conclusion**

For the foregoing reasons, the Court adopts in part, and reverses in part, Judge Schroeder's R&R (Docket No. 45).

The Court adopts the R&R to the extent it recommends granting Defendant's motion for partial summary judgment on Plaintiff's claims for replacement cost, rental income, and personal property coverage.

The Court reverses the R&R to the extent it recommends denial of Defendant's motion for partial summary judgment on Plaintiff's

claim for debris removal coverage.  The Court sua sponte awards judgment as a matter of law in Defendant's favor with regard to Plaintiff's claim for reimbursement of the cost of debris removal.

Accordingly, Defendant's motion for partial summary judgment (Docket No. 36) is granted, and the complaint is dismissed.

**ALL OF THE ABOVE IS SO ORDERED.**

                                              **S/Michael A. Telesca**

                                HONORABLE MICHAEL A. TELESCA
                                United States District Judge

DATED:    June 6, 2019
           Rochester, New York