UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOMINIQUE MARIE PORTER,

                Plaintiff,    **DECISION AND ORDER**
                                        **No. 1:14-cv-00511**
   -vs-

STATE FARM FIRE
& CASUALTY COMPANY,

                Defendant.
_____

## I. **Introduction**

On June 6, 2019, the Court filed a Decision and Order adopting in part and reversing in part the May 24, 2017, Report and Recommendation (R&R) issued by United States Magistrate Judge H. Kenneth Schroeder, Jr. (hereinafter, the "June 6th Decision and Order").[1] Docket No. 64. In his R&R, Judge Schroeder recommended that the Court grant Defendant's motion for partial summary judgment on Plaintiff's claims for replacement cost, rental income, and personal property coverage, and that the Court deny Defendant's motion for partial summary judgment as to Plaintiff's claim for debris cost removal. *See* Docket No. 45 at 8. The Court adopted the portions of the R&R recommending that the Court grant Defendant's motion for partial summary judgment on Plaintiff's claims for replacement cost, rental income, and personal property coverage, but reversed the R&R to the extent it denied Defendant's motion for partial summary judgment on Plaintiff's claim for debris

_____

[1] As previously noted in my Decision and Order of June 6, 2019, this case was transferred to me by the Honorable Richard J. Arcara on June 4, 2019.

cost removal. The Court also dismissed Plaintiff's complaint in its entirety, based on the fact that the complaint, which alleges that Plaintiff is entitled to reimbursement under the insurance policy, is inconsistent with her sworn testimony.

Following the filing of the June 6th Decision and Order, Plaintiff submitted a letter, requesting that the Court reconsider its decision based on the existence of a stipulation, which provides that "the parties agreed . . . that the actual cash value recoverable under the policy would be submitted to appraisal." Docket No. 66. Defendant submitted a letter response, contending that the Court's June 6th Decision and Order dismissing the complaint in its entirety was proper. Docket No. 65.[2] For the following reasons, the Court denies Plaintiff's request for reconsideration.

## II. Discussion

"There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. . . . Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. . . . Fourth, a Rule 59(e) motion may be justified by an intervening change in

---

[2]The Court considered the letter request (Docket No. 66) as a motion for reconsideration and the defendant's letter in response (Docket No. 65) as the reply to that motion.

controlling law." 11 Fed. Prac. & Proc. Civ., *Grounds for Amendment or Alteration of Judgment*, § 2810.1 (3d ed.) (footnotes omitted). "The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 256 (2d Cir. 1995).

Plaintiff contends that reconsideration is warranted because the Court's decision to dismiss the complaint was a "mistake," due to the aforementioned stipulation for appraisal of damages. Docket No. 66. The Court disagrees. The Court did not overlook the stipulation. The stipulation was filed on the docket (Docket No. 39), and the Court was aware of its existence. As argued by Defendant in its response letter, the stipulation was merely an effort to avoid the time and expense of a jury trial on the factual issue of damages to the structure. All coverage issues under the policy continued to be reserved for this Court's determination as a matter of law, which the Court determined in the June 6th Decision and Order.

As explained by the Court in the June 6th Decision and Order, the Court may search the record on a motion for summary judgment. The Court further notes that Defendant, in its first motion for summary judgment, moved for dismissal of the entire complaint on the basis that Plaintiff did not have an insurable interest in the

-3-

254 Strauss Street property (hereinafter, "the property").  *See* Docket No. 12.  Although this motion was initially denied (*see* Docket Nos. 19, 24), following the filing of Defendant's motion for partial summary judgment (Docket No. 36) and the issuance of the R&R on that motion (Docket No. 45), the Court (Arcara, D.J.) issued an Order, referencing its prior decision addressing Plaintiff's insurable interest in the property and "notif[ying] the parties pursuant to Fed. R. Civ. P. 56(f) that the Court will consider summary judgment and partial summary judgment on that issue and on other issues."  *See* Docket No. 47.  The Court also ordered the parties to submit additional briefing.  *Id*.  In other words, those issues clearly were before the Court at the time it issued the June 6th Decision and Order.

In reaching its determination that Plaintiff's complaint must be dismissed, the Court carefully considered all of the evidence submitted by the parties in support of and in opposition to summary judgment, including Plaintiff's deposition transcripts.  As the Court made abundantly clear in the June 6th Decision and Order, this evidence shows that Plaintiff purchased the property as an accommodation for an individual named Tristan Spencer, who she identified as her sister Tina's boyfriend.  While Tina and Mr. Spencer were scouting available properties, Plaintiff placed bids on the properties for them.  Plaintiff paid the required $500 deposit on the Strauss Street property, but testified that Tina and

Mr. Spencer "reimbursed me every dollar. And then they paid the remainder balance." Docket No. 36-5 at 9, 11-13.

Although the property was placed in Plaintiff's name, she did not manage or have any interest in the property. Rather, Mr. Spencer managed, maintained, and leased the property, made renovations, and paid property taxes on the property. *Id*. at 16, 20-23, 36. Since Plaintiff's name was listed as owner, she was required to attend court at eviction proceedings, but Mr. Spencer "handled everything," pertaining to the eviction. *Id*. at 25-26. Plaintiff further testified that she had no authority to sell the property, and did not receive any economic benefit from the property. *Id*. at 37.

With regard to the insurance policy on the property, Plaintiff testified that she was not involved in obtaining the policy; rather, Mr. Spencer obtained the policy providing Plaintiff's information as the owner and he paid the premiums on the policy. Plaintiff knew nothing about the basic coverage of the policy insuring the property and only learned of the policy limits when she "started receiving letters after the property was burned down." *Id*. at 45-47. As to her receiving any economic benefit from the property, Plaintiff explained to the insurance agency salesman, "I told Mike from State Farm I just - they say sign here, I just sign. I don't even read. I don't even know what I be signing, I just sign." *Id*. at 37.

At a second deposition on January 28, 2016, Plaintiff testified that any money she would receive from State Farm "will go straight to [Mr. Spencer] . . . [b]ecause it's his property." Docket No. 36-11 at 29. Plaintiff further testified that, although what remained of the property was demolished after the fire, she was not aware who paid for the demolition costs. *Id*. at 16-17.

The evidence shows that Plaintiff clearly and unequivocally claimed no interest in the proceeds of the insurance policy as a result of the fire damage to the property by stating that the insurance proceeds belong to Mr. Spencer, and that she did not want any proceeds paid out to her. Docket No. 36-5 at 33-34, 38-39. Plaintiff was emphatic that she wanted no financial benefit from the policy, even though she is the named insured, by stating, "I didn't put any money in to the property, [and] I shouldn't get anything from it." *Id*. at 48.

It is also undisputed that Mr. Spencer used Plaintiff's auction identification number to bid on the property. Although the deed to the property lists Plaintiff as the owner (Docket Nos. 36-5 at 13-16, 36-6), she clearly explained that Mr. Spencer managed and received any benefit from the property in all respects. She was at best an accommodating owner benefitting Mr. Spencer for reasons best known to them.

### III. <u>Conclusion</u>

Based on the above-mentioned information, the Court denies Plaintiff's motion for reconsideration (Docket No. 66). Plaintiff

has failed to articulate a valid basis upon which reconsideration is warranted, and the June 6th Decision and Order dismissing the complaint in its entirety stands.

**ALL OF THE ABOVE IS SO ORDERED.**

                                  S/Michael A. Telesca

                              HONORABLE MICHAEL A. TELESCA
                              United States District Judge

DATED:    June 7, 2019
           Rochester, New York